Mr. Justice Thacher
delivered the opinion of the court.
Wiley, administrator, instituted an action of covenant against William Grubbs. The declaration contained two counts upon a writing obligatory. The writing obligatory set out in the counts of the declaration, exhibited an agreement by one Z. M. P. Grubbs, for the payment of money upon certain conditions, and the agreement nowhere shows the defendant, William Grubbs, to have contracted as principal with the plaintiff, and the agreement was sealed by “ William Grubbs for Z. M. P. Grubbs.” The declaration also contained an averment, that the defendant was not the agent or attorney in fact of Z. M. P. Grubbs, in the execution of the writing obligatory, and that William Grubbs was not authorized by him to execute the same. The defendant pleaded non est facium generally, and upon trial, the jury found for the plaintiff. A bill of exceptions, filed upon the overruling of a motion for a new trial, discloses that the plaintiff upon the trial, proved the signature affixed to the instrument sued upon to be in the handwriting of William Grubbs, and then read the said instrument in evidence. The defendant then proved by a witness who drew up the instrument, that it was drawn in the presence of the plaintiff and defendant ; that William Grubbs had been acting for some years as the general agent of Z. M. P. Grubbs; that the agreement *33 declared upon in the action, was made by the plaintiff upon the faith and credit of Z. M. P. Grubbs exclusively, and that the plaintiff considered and treated the defendant as an agent only, upon the occasion of the execution of the agreement.
The effect of the general plea of non est factum, in this form of action, operated as a denial of the execution of the instrument in point of fact only. The plaintiff having established its execution by proving the signature of the defendant, then introduced the instrument in evidence. The body and terms of the instrument, thus introduced, proved that the defendant did not contract individually, but simply as agent; and, although the plaintiff in his declaration, alleged that the defendant did not execute the instrument as an agent, the effect of his evidence went to show precisely the reverse. It is difficult to see upon what grounds the jury could have found as they did upon this showing.
Judgment reversed and new trial granted.